UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YADIRA NEFFALI AMEZCUA-ANDRADE,<br><br>Petitioner,<br><br>v.<br><br>WARDEN CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No. 1:26-cv-01655-DC-JDP (HC)<br><br>ORDER GRANTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. Nos. 1, 3) |

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 3), filed in conjunction with her petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, challenging her ongoing immigration detention. (Doc. No. 1.)

This court has previously addressed the legal issues raised by Count Two of the petition (Doc. No. 1 at 11–12). Specifically, this court has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the

1  merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL
2  3458802 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL
3  25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No.
4  8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as
5  to the petitioner's due process claim).
6       On February 27, 2026, the court issued an order informing the parties that it was
7  considering ruling directly on the petition and asking both parties whether they oppose
8  simultaneous resolution of the motion for temporary restraining order and habeas petition. (Doc.
9  No. 5.) The court also directed Respondents to address whether there are any factual or legal
10 issues in this case that materially distinguish it from this court's prior orders in *Selis Tinoco*,
11 *Labrador-Prato*, and *D.L.C*. (*Id.*)
12      On March 4, 2026, Respondents filed their opposition to Petitioner's motion for
13 temporary restraining order in which they oppose Petitioner's motion on the same grounds as
14 those addressed by the court in the aforementioned cases, but acknowledge that "the cases in the
15 [c]ourt's order . . . are not procedurally distinct." (Doc. No. 7 at 2.) Respondents further indicate
16 that they do "not oppose the court ruling directly on the [p]etition." (*Id.*) On that same day,
17 Petitioner filed her reply, and did not oppose the court ruling directly on the petition. (*See* Doc.
18 No. 8.)
19      Because Respondents have not made any new legal arguments and have not identified any
20 factual or legal issues in this case that would distinguish it from the court's aforementioned prior
21 decisions, the court will grant Petitioner's motion for temporary restraining order (Doc. No. 3)
22 and petition for writ of habeas corpus (Doc. No. 1) as to Count Two for the reasons set forth in
23 /////
24 /////
25 /////
26 /////
27 /////
28 /////

the court's order in *Altin*.[1] Further, as the court found in *Altin*, the proper remedy for Respondents' failure to provide Petitioner with a constitutionally compliant pre-deprivation bond hearing is Petitioner's immediate release. *Id.* at 12–13.

Accordingly,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) and motion for a temporary restraining order (Doc. No. 3) are GRANTED as follows:

    a. Petitioner Yadira Neffali Amezcua-Andrade shall be released immediately from Respondents' custody with the same conditions she was subject to immediately prior to her detention on February 19, 2026. Respondents shall not impose any additional restriction on her, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

    b. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

    c. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

2. Respondents' motion to dismiss (Doc. No. 7) is DENIED as moot; and

/////

---

[1] Because the court is granting the petition on the due process claim (Count Two), the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB (HC), 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, No. 3:25-cv-02405-RBM-AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release"). Indeed, Petitioner is entitled to the habeas relief she seeks based on the court's ruling as to Count Two.

3. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: __**March 4, 2026**__  

_____
Dena Coggins
United States District Judge

4